# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-01113 MMM (FMOx) | Date | February 14, 2011 |

| | |
|---|---|
| Title | *Dmitriy Balsin v. Equable Ascent Financial, LLC.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order to Show Cause Why Action Should Not Be Remanded to State Court For Procedural Defect**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2010, Dmitriy Balsin filed this action in Los Angeles Superior Court. The action alleges federal claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and state claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq.[1]

On February 4, 2011, Equable Ascent Financial, LLC. removed the action to federal court, invoking the court's federal question jurisdiction. In the notice of removal, defendant alleges that it was first served with the complaint on January 25, 2011.

## II. DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[1] Notice of Removal, Exh. A (Plaintiff's Claim and Order to Go to Small Claims Court) at 2, Docket No. 1 (Feb. 4, 2011).

division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Parties seeking to remove must comply with certain procedural mandates. Among these are a requirement that a notice of removal be filed within thirty days after service of the summons and complaint, 28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); that all defendants in the state action join in the removal, 28 U.S.C. § 1446 (b); see *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); and that the notice of removal be filed "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. §1446(a). As respects the thirty-day time limit for removal, the statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences on defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b).

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Equable filed its notice of removal on February 4, 2011. Equable asserts that it was first served with a copy of the complaint on January 25, 2011; Equable, however, has not proffered no documentation, such as a proof of service, demonstrating that service occurred on that date.

### III. CONCLUSION

In order to assure proper jurisdiction, the court orders Equable to show cause, on or before **Thursday, February 17, 2011**, why the court should not remand the action due to its failure to remove within 30 days of service with the state court complaint.